DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a judgment of the Wood County Court of Common Pleas, Domestic Relations Division, that adopted the magistrate's decision denying appellant's motion for custody and ordering supervised visitation with his two children. For the following reasons, the judgment of the trial court is affirmed.
 {¶ 2} Appellant sets forth two assignments of error: *Page 2 
 {¶ 3} "1) The trial court's November 21, 2006 decision denying any relief to Defendant/Appellant was incomplete, against the manifest weight of credible evidence presented to the trial court and an abuse of discretion.
 {¶ 4} "2) The trial court's November 21, 2006 decision did not properly consider the children's best interests, and gave no consideration to establishing a transition from the supervised parenting which Defendant/Appellant and his children have been relegated to for over a year."
 {¶ 5} The parties were married in 2001, and in January 2003, appellee filed for divorce. A March 2003 order designated appellee primary residential parent and legal custodian of the parties' 15-month-old daughter, and gave appellant supervised visitation with the child. In May 2003, appellant was granted unsupervised visitation. The visitation order was expanded to include the parties' son when he was born in June 2003. When the divorce became final in June 2004, the parties' shared parenting plan provided for appellant to have at least three overnight days each week and alternating weekends with the children.
 {¶ 6} On September 12, 2005, the children's maternal grandmother contacted the Wood County Department of Job Family Services ("DJFS") and reported that appellant's daughter had been describing behavior by her father that grandmother was concerned may indicate sexual abuse. A social worker interviewed grandmother, appellee and the child later that day. On September 19, 2005, the child was evaluated by a doctor and a social worker at Mercy Children's Hospital. The doctor concluded that the *Page 3 
child's examination was "normal" but recommended protection pending conclusion of the investigation.
 {¶ 7} On September 27, 2005, appellant was interviewed by a Toledo Police detective and a caseworker from Lucas County Children Services as a courtesy to the Wood County DJFS because appellant resides in Lucas County. At the conclusion of the interview, appellant was informed by the detective that criminal charges would not be filed against him.
 {¶ 8} In a report dated October 11, 2005, the Wood County DJFS investigator determined that sexual abuse was "indicated" based on statements made by the child but noted that the medical examination resulted in no findings of sexual abuse. The agency recommended that custody or visitation matters be handled through domestic relations court and closed its investigation.
 {¶ 9} On October 27, 2005, appellee filed a motion for suspension and modification of visitation in which she alleged that her daughter had related incidents of "apparent abuse" by appellant during periods of visitation. Attached to the motion was the affidavit of Beula Jean Sinn, maternal grandmother, who stated that since August 2005 the child had been telling her about behavior which Sinn believed indicated "abusive conduct" by appellant. The following day, the magistrate suspended appellant's contact and visitation with both children pending further order of the court and set the matter for evidentiary hearing. On November 8, 2005, the magistrate found, based upon the pleadings and the DJHS file, that appellant's visitation with the children should be *Page 4 
supervised pending further hearing. Appellant subsequently filed a motion asking the trial court to establish him as primary residential parent of both children.
 {¶ 10} Evidentiary hearings on both parties' motions were held on December 9, 2005, and January 13 and 27, 2006. The magistrate heard testimony from several witnesses and reviewed numerous exhibits. In her decision filed March 14, 2006, the magistrate denied appellant's motion for custody. The magistrate further ordered that appellant's parenting time be supervised, with the visits lasting two to three hours and taking place from two to four times per week. Appellant was ordered to pay any supervision fees incurred. Appellant filed timely objections to the magistrate's decision and on November 21, 2006, the trial court denied the objections and affirmed the magistrate's decision.
 {¶ 11} Appellant does not separately argue each assignment of error. Because the two assignments of error are interrelated, they will be considered together. In support of both claimed errors, appellant asserts that the trial court abused its discretion by affirming the magistrate's order of supervised parenting and failed to consider the best interest of the children. Appellant also states in his first assignment of error that the trial court's decision was "incomplete" but does not provide any argument in support of that claim, which we therefore find to have no merit.
 {¶ 12} At the outset, we note that a trial court is vested with broad discretion when determining the allocation of parental rights and responsibilities for the care of minor children. Miller v. Miller
(1988), 37 Ohio St.3d 71, 74. Further, a trial court's decision to *Page 5 
adopt, reject or modify a magistrate's report and recommendation will be reversed on appeal only for an abuse of that discretion. See Wade v.Wade (1996), 113 Ohio App.3d 414, 419. An abuse of discretion connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary, or unconscionable. Blakemore v.Blakemore (1983), 5 Ohio St.3d 217, 219. Absent an abuse of that discretion, a trial court's judgment regarding these issues will be upheld. Masters v. Masters (1994), 69 Ohio St.3d 83, 85.
 {¶ 13} As set forth above, the trial court has broad discretion regarding custody issues. Miller, 37 Ohio St.3d at 74. The reason for such deference "is that the trial judge has the best opportunity to view the demeanor, attitude, and credibility of each witness, something that does not translate well on the written page." Davis v. Flickinger
(1997), 77 Ohio St.3d 415, 418.
 {¶ 14} To modify an allocation of parental rights a trial court must determine that the modification is in the best interests of the child and that there has been a change in circumstances. Neel v. Neel (1996),113 Ohio App.3d 24, 35; R.C. 3109.04(E)(1)(a). Additionally, R.C.3109.04(E)(1)(a) states that modification requires a determination of the best interests of the child and one of the following: (1) the residential parent agrees to a change in the residential parent or both parents under a shared parenting decree agree to a change in the designation of residential parent; (2) the child, with the consent of the residential parent or of both parents under a shared parenting decree, has been integrated into the family of the person seeking to become the residential parent; or (3) the harm *Page 6 
likely to be caused by a change of environment is outweighed by the advantages of the change of environment to the child. None of these three conditions were found to exist in this case.
 {¶ 15} Angela Hughes, the DJFS social worker who initially interviewed the parties' daughter in September 2005, testified that the child disclosed to her that her father touched her "back" (buttocks) and "scraped" her "front" (vaginal area) with his finger. Hughes stated that the child did not appear to understand the concept of truth and lies but did know the places on her body where other people were not supposed to touch her. She explained that her finding that sexual abuse was "indicated" was based on the child's statements. Hughes said the allegations could not be substantiated because appellant denied them and there were no physical findings in the child's exam; therefore, the agency could not pursue the matter further. Norma Stark, appellant's friend from church, described the child as very bright and articulate and stated that if the child described something that happened she would have no reason to think the statement was not accurate.
 {¶ 16} As to appellant's motion for custody, we find after a thorough review of the record that he did not present evidence of a change of circumstances or show that a change of custody would be in the best interests of the children. This court is not privy to what the magistrate observed during the three days of hearings and, based on this fact, will not second-guess the magistrate's decision to deny the motion for a change of custody. *Page 7 
 {¶ 17} In reaching its decision on the motions, the magistrate considered the testimony of numerous witnesses, including family members and the social worker who interviewed the parties' daughter. The magistrate further considered the children's relationship with their parents, the geographic location of each parent's residence, each parent's available time, the children's ages and the desirability of frequent contact between parent and child, the health and safety of the children, each parent's willingness to facilitate parenting time approved by the court, and whether there is reason to believe either parent has acted in a manner resulting in the children being abused or neglected. Based on a consideration of the foregoing, the magistrate concluded that appellant's motions for custody and contempt should be denied. The magistrate ordered that appellant's parenting time should continue to be supervised. There was no termination date for supervised visitation and no future hearings were scheduled on this matter.
 {¶ 18} Although the trial court's judgment entry affirming the magistrate's decision does not contain factual findings, the court stated that it had reviewed the transcripts of the hearings, as well as all other filings and pleadings; appellant has not pointed to any evidence to the contrary. Accordingly, we find that the trial court properly reviewed the objections to the magistrate's decision. Further, we are unable to find that the trial court's judgment is unreasonable, arbitrary or unconscionable.
 {¶ 19} Based on the foregoing, appellant's first and second assignments of error are not well-taken. *Page 8 
 {¶ 20} We note that appellant asks this court to remand this matter to the trial court with instructions to order a termination date for the supervised visitation. However, in light of this court's affirmance of the trial court's judgment, termination of appellant's supervised visitation is now a matter for the trial court to address upon future motion that may be filed by either party.
 {¶ 21} On consideration whereof, the judgment of the Wood County Court of Common Pleas, Domestic Relations Division, is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Wood County.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4.
Peter M. Handwork, J., Arlene Singer, J., Thomas J. Osowik, J., CONCUR. *Page 1